People's United Bank v. Fillmore Farms, LLC, et. al., No. 318-8-13 Bncv (Wesley, J., Jan. 9, 2014).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## VERMONT SUPERIOR COURT

| | |
|---|---|
| **SUPERIOR COURT**<br>**Bennington Unit** | **CIVIL DIVISION**<br>**Docket No. 318-8-13 Bncv** |

| | |
|---|---|
| **People's United Bank, Successor in interest by merger to Chittenden Trust Company d/b/a Chittenden Bank,**<br>**Plaintiff.**<br><br>**v.**<br><br>**Fillmore Farms, LLC, et al.**<br>**Defendants.** | |

### Order Granting Plaintiff's Motion for Summary Judgment

Plaintiff seeks to foreclose on a loan issued to Fillmore Farms, LLC.[1] On April 24, 2000, Fillmore Farms executed a promissory note and mortgage in favor of Plaintiff. In return, Plaintiff loaned Fillmore Farms $700,000.00. Fillmore Farms, LLC had difficulty maintaining this mortgage. On May 8, 2007, Plaintiff entered into a workout agreement with Fillmore Farms. On the same day, Fillmore Farms entered into a lease of the land with the Holden Cattle Company, LLC. After a demand from Plaintiff, Holden Cattle assigned its milk check to Plaintiff as payment of Holden Cattle's obligation to Fillmore Farms and as payment for Fillmore Farms' obligation to Plaintiff.

Holden Cattle also encountered financial difficulties. Holden Cattle sold roughly half of its herd in 2012. Two other parties repossessed the remainder of the cows in January, 2013. The parties here cannot account for eleven of the cows. Holden Cattle has not paid rent since December 2012. Holden Cattle has not kept current its obligations for utilities, insurance, and taxes. Holden Cattle asserts its business failed because Fillmore Farms did not make appropriate improvements and repairs to the land. Thus, Holden Cattle argues Fillmore Farms was in default of the lease agreement before Holden Cattle stopped paying rent. Further, Holden Cattle gave Fillmore Farms written notice of the deficiencies and its intent to withhold payments.

The language of the workout agreement creates obligations on the parties involved in this motion. In the event of a default by Fillmore Farms, Plaintiff could foreclose on the property but would be forced to honor the lease if Holden Cattle was not in default on the lease.

> Lender agrees that, in the event of an entry by Lender pursuant to the Mortgages, a foreclosure of the Mortgages, or the exercise by Lender of any of its rights under the Mortgages, Lender shall not disturb Tenant's right of possession of the Demised Premises under the terms of the Lease so long as Tenant is not in default beyond any applicable grace period of any term, covenant or condition of the

---

[1] There were several loans and mortgages involved in this case. Fillmore Farms, Gale Holden, and Edward Holden (now deceased) took out the loans. The structure of the loans is not at issue in the determination of this motion.

Lease, TIME BEING OF THE ESSENCE as to each term, covenant or condition of Tenant as provided for in the lease.

*See* Subordination, Non-Disturbance and Attornment Agreement, ¶ 4. The workout agreement also provides that Plaintiff would take over as landlord if Fillmore Farms defaulted, but Plaintiff would not be subject to any defenses Holden Cattle had against Fillmore Farms. *See id.*¶¶ 5–6.

In the event that Lender shall succeed to the interest of the Landlord under the Lease, Lender hereby assumes and agrees to be bound to the Tenant under all of the terms, covenants and conditions of the Lease for the remainder of the Lease term, and the Tenant shall, from and after such event, have the same remedies against the Lender for the breach of an agreement contained in the Lease the Tenant might have had under the Lease against the Landlord if the Lender had not succeeded to the interest of the Landlord; provided, however:
    (e) Lender shall not be subject to any offsets or defenses which Tenant might have against any prior landlord (including Landlord)

*Id.* ¶ 6.

On October 25, 2013, Plaintiff moved for summary judgment against Holden Cattle. Plaintiff argued there are no disputed facts and it is entitled to a foreclosure because both Holden Cattle and Fillmore Farms are in default. Plaintiff attached a statement of undisputed material facts. The statement of undisputed material facts includes many of the facts pled in the complaint and also adds additional facts. On December 13, 2013, Holden Cattle opposed summary judgment. Holden Cattle argued it is not in default on the lease because Fillmore Farms did not make the necessary improvements. Further, Holden Cattle maintains Plaintiff is in continuing default and disputes that paragraph six of the workout agreement specifically addresses continuing defaults. From Holden Cattle's perspective, Plaintiff is in default because it became Holden Cattle's landlord as a result of the foreclosure and still has not made the requested improvements. Holden Cattle failed to attach a separate statement of disputed material facts, as required by V.R.C.P. 56(c). Plaintiff responded to the opposition on December 24, 2013.

The Court grants summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). The Court makes all reasonable inferences and resolves all doubts in favor of the non-moving party. *Lamay v. State*, 2012 VT 49, ¶ 6, 191 Vt. 635. Nevertheless, the non-moving party cannot rely solely on the pleadings to rebut credible evidence. *Boulton v. CLD Consulting Eng'rs, Inc.*, 2003 VT 72, ¶ 5, 175 Vt. 413. Where a party fails to follow the requirements of V.R.C.P. 56(c), the court may "consider the fact undisputed for purposes of the motion." V.R.C.P. 56(e)(2). The Court accepts Plaintiff's statement of undisputed material facts because Holden Cattle failed to offer a statement of disputed material facts.

The issue presented by the motion is whether the workout agreement prevents Plaintiff from foreclosing where Holden Cattle contends Fillmore Farms defaulted first. On a motion for summary judgment, courts interpret unambiguous contracts as questions of law. *See O'Brien Bros. P'Ship, LLP v. Plociennik*, 2007 VT 105, ¶ 9, 182 Vt. 409. "A contract term is ambiguous

if reasonable people could differ as to its interpretation." *Id.* (internal quotations omitted). "If the terms of the contract are plain and unambiguous, they will be given effect and enforced in accordance with their language." *Id.* (internal quotations omitted).

In this case, the workout agreement is unambiguous and precludes Holden Cattle's argument. Even assuming Plaintiff is now Holden Cattle's landlord, the workout agreement protects Plaintiff. The agreement indicates Holden Cattle may not use any defenses it may have had against Fillmore Farms against Plaintiff. Additionally, Holden Cattle may not claim any offsets against Plaintiff for the actions of Fillmore Farms. Holden Cattle's assertion that it challenges an ongoing default is inconsistent with the undisputed facts of the case. Holden Cattle argues Fillmore Farms' failure to improve the property caused its business to fail. All of the actions Holden Cattle observes are actions that were allegedly defaults relate to Fillmore Farms and not to Plaintiff. Moreover, Holden Cattle lost its herd by January 2013 but Plaintiff did not file a complaint until August 2013. There is no theory of the case that would attribute these alleged defaults to Plaintiff in light of the unambiguous terms of the workout agreement. Therefore, Holden Cattle is in default of the workout agreement and Plaintiff has no obligation to continue the lease.

## Order

The Court **GRANTS** Plaintiff's motion for summary judgment against Holden Cattle Company, LLC (MPR 10). Plaintiff shall submit a proposed judgment within 10 days.

Dated at Bennington, Vermont on January 9, 2014.

John P. Wesley
Superior Court Judge

3